## Village of Ina, Illinois, by O. T. Shinn, Taxpayer, Appellant, v. F. F. Kelley, Appellee.

### (Not to be reported in full.)

Appeal from the County Court of Jefferson county; the Hon. R. E. HICKMAN, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

### Statement of the Case.

Action by the Village of Ina, Illinois, by O. T. Shinn, a taxpayer, plaintiff, against F. F. Kelley, defendant, to recover $122.53 paid to defendant without authorization of the village board. From a judgment for defendant, plaintiff appeals.

E. M. PEAVLER, for appellant.

CURTIS WILLIAMS, for appellee; G. GALE GILBERT, of counsel.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 129*—*when officer paying out funds without authority is liable therefor to village.* Where the president of a village board of trustees, in order to secure evidence of a violation of the anti-saloon law in the village, employed a certain detective to investigate same and, without first having procured an appropriation to pay for such employment or authorization by the village board so to do, he issued orders to himself upon the village treasury and drew therefrom funds which he paid for such employment, *held* that an action for recovery of such money was properly brought against the president and not against the one to whom he paid the money.

2. JUSTICES OF THE PEACE, § 54*—*what constitutes debt giving

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FOURTH DISTRICT—APRIL, 1917.        ⸱169

Ferrell v. Southern Illinois Ry. & Power Co., 206 Ill. App. 169.

*jurisdiction of action for recovery.* Where money was procured unlawfully from a village, *held* that the procuring of such money created a money liability or debt upon the party procuring same, over which a justice of the peace would have jurisdiction for its recovery.

3. JUDGMENT, § 419*—*when dismissal of action is bar to another action.* For dismissal of one action to operate as a bar to another action there must be identity of parties and of subject-matter.

4. JUDGMENT, § 434*—*what constitutes a former adjudication.* To constitute a former adjudication there must have been a trial and a determination of the rights of the parties.

5. JUDGMENT, § 419*—*when dismissal of action is not bar to another action.* Dismissal of an action for want of jurisdiction on motion without trial by a justice of the peace, *held* no bar to another action.